■ SHARIPZHAN MUKHUTDINOV, Respondent, v EDWARD R. FINCH, JR., Appellant. [813 NYS2d 59]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about November 19, 2004, which, in an action for scalding injuries sustained by plaintiff boiler repairman on defendant's premises when he stepped into a sump hole containing hot water, denied defendant's motion to set aside the verdict, unanimously affirmed, without costs.

The trial court properly denied defendant's request for an adjournment of the trial to secure the presence of plaintiff's co-employee, who had given defendant a written statement that defendant's superintendent had warned him and plaintiff of the sump hole containing the hot water. At trial, the superintendent testified, with the aid of a Spanish interpreter, that he told plaintiff's co-employee, in Spanish, about the hole, and that the co-employee "signaled" plaintiff about it. For his part, plaintiff testified, with the aid of a Russian interpreter, that he could communicate with the co-employee in English and that neither was warned about the hole. The parties were ordered to trial in June 2004, but an adjournment was requested and granted to August 23 on the understanding that the trial justice's calendar required that the case be tried before September. However, at a conference held on August 18, defendant requested another adjournment of approximately three weeks because the co-employee, who had unexpectedly departed for Ecuador on August 6 and was located there on August 9, had pneumonia and could not presently travel by air. It further appears that defendant's attorneys were in contact with the co-employee in New York about a year before the trial, and that their investigator had again located him in New York in early July 2004, but they make no showing that they then informed him of the impending trial. Such circumstances bespeak a lack of due diligence in defendant's attempts to secure the co-employee's testimony before trial as well as his presence at trial, and, accordingly, the denial of the requested adjournment was a proper exercise of discretion (*cf. Halloran v Spina Floor Covering*, 185 AD2d 149 [1992]). We note, as did the trial court, that the jury, while finding that defendant's negligence "in failing to adequately warn plaintiff of the existence or location of the hole" was a substantial factor in causing plaintiff's injury, also found plaintiff to be 20% at fault, indicating that the jury accepted defendant's claim that the superintendent warned of the hole, but that the warning should have been clearer. Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Sweeny, JJ.